IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SADUP SOFTECH LLC and
BHAVYA KANDIMALLA,

           Plaintiffs,

vs.

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,

           Defendant.

4:22-CV-3225

MEMORANDUM AND ORDER

     This is a case about the denial of a nonimmigrant temporary work visa petition submitted for the 2023 fiscal year by plaintiff Sadup Softech LLC on behalf of plaintiff Bhavya Kandimalla. Filing 1 at 3. The plaintiffs assert the government, specifically United States Citizenship and Immigration Services (USCIS), denied the visa petition contrary to the relevant rules and regulations by which USCIS is bound. This matter comes before the Court on the defendant's motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for a failure to state a claim under Rule 12(b)(6). Filing 8. The motion will be denied.

## I. BACKGROUND

     An employer may file an application for a visa, known as a visa petition, on behalf of prospective noncitizen employees who meet certain criteria. 8 U.S.C. § 1101(a)(15)(H)(i)(B). These "H-1B" visa petitions request nonimmigrant temporary work visas for individuals seeking to work in specific occupation categories, including jobs in specialty fields which usually require at least a bachelor's degree. The type of H-1B visa at issue in this case is

generally subject to a cap of 65,000 visas per fiscal year. 8 U.S.C. § 1184(g)(1)(A)(vii). The number of H-1B visa petitions far exceeds this cap, so USCIS has created a two-step process to determine who receives a visa.

In the first step of the process, prospective H-1B visa petitioners must register during a period set by USCIS, and USCIS randomly selects a number of registrants to invite them to submit an H-1B visa petition. 8 C.F.R. § 214.2(h)(8)(iii) (2023). USCIS has the discretion to determine how many registrants it will select in order to reach the statutory cap for each fiscal year. *See id*. USCIS keeps unselected registrants on file in the event it does not have enough applicants to fill the statutory cap. § 214.2(h)(8)(iii)(A)(7).

In the second step, selected registrants submit a petition which includes the USCIS Form I-129, documentation demonstrating the prospective employee's qualifications for the H-1B visa, and a form of payment for the filing fee. *See* filing 1-1 at 175; *Walker Macy LLC v. U.S. Citizenship & Immigr. Servs.,* 243 F. Supp. 3d 1156, 1164 (D. Or. 2017); USCIS, *H-1B Visa for Specialty Occupations, DOD Cooperative Research and Development Project Workers, and Fashion Models (Temporary Workers),* https://www.uscis.gov/forms/explore-my-options/h-1b-visa-for-specialty-occupations-dod-cooperative-research-and-development-project-workers-and (May 18, 2022). USCIS processes the filed petitions (in some unknown manner) and accepts enough petitions to reach the statutory cap. A number of petitions are rejected for fraud, lacking documentation, or failure to pay the filing fee. *See generally* § 214.2(h)(10).

The 2023 fiscal year registration period ran from March 1 to March 18, 2022. Filing 1-1 at 175. Sadup registered on March 18, 2022, and it was randomly selected to file an H-1B petition between April 1, 2022, and June 30,

2

2022. Filing 1-1 at 27. USCIS received the plaintiffs' petition on June 16, 2022.[1] Filing 1-1 at 86. On July 1, 2022, USCIS issued a notice informing Sadup that its filing fee payment could not be processed, and so its H-1B petition was rejected. Filing 1-1 at 86. The notice indicated that USCIS would not take further action on the submitted petition, and the plaintiffs would need to submit a new petition.[2] *Id*. Sadup resubmitted its petition on July 21, 2022, with a letter it hoped would convince USCIS to process the petition despite the earlier petition being rejected. Filing 1 at 3. Sadup's pleas were not fruitful, and USCIS rejected the refiled petition as untimely on July 26, 2022. Filing 1-1 at 175.

The plaintiffs assert that the initial and subsequent rejections were contrary to regulations which require USCIS to process a filing fee payment more than once before rejecting a petition. *See* filing 1 at 5-7. The plaintiffs do not ask this Court to compel USCIS to issue an H-1B visa; rather, the plaintiffs ask this Court, pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(1), to order the agency to accept the two rejected petitions and adjudicate them within thirty days. Filing 1 at 8. USCIS argues that the plaintiffs lack standing and have failed to state a claim for which relief could be granted. Filing 8.

---

[1] The timeline as pled in the complaint is inconsistent with general principles of space and time. The Court has relied on the dates in the documents attached to the complaint.

[2] The letter from USCIS is not clear on this, but, presumably, the plaintiffs would have to restart the entire process for the fiscal year 2024, including registering during the lottery period. The plaintiffs would have no guarantee of being selected to submit a new petition. *See* filing 1-1 at 86; 8 C.F.R. § 214.2(h)(8)(iii).

3

## II. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges whether the court has subject matter jurisdiction. The party asserting subject matter jurisdiction bears the burden of proof. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 985, 988 (8th Cir. 2010). A court deciding a motion under Rule 12(b)(1) must distinguish between a "facial attack'" and a "factual attack." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015). In a facial attack, the Court merely needs to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. *Id*. Accordingly, the Court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)—that is, the Court accepts all factual allegations in the pleadings as true and views them in the light most favorable to the nonmoving party. *Id*.; *Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008). Here, the attack is facial.

A complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not contain detailed factual allegations, but must provide more than labels and conclusions; and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Id*.

4

### III. ANALYSIS
#### 1. SUBJECT MATTER JURISDICTION

USCIS asserts the plaintiffs lack standing, depriving this Court of subject matter jurisdiction. It argues that the plaintiffs have suffered no injury, and, if they have, USCIS did not cause the injury and there is no way for the Court to redress it. Filing 9 at 9, 12.

USCIS argues that it denied the plaintiffs' petition for the plaintiffs' failure to follow the rules, and such a "self-inflicted injury" cannot give rise to Article III standing. Filing 9 at 9-10 (citing *Nat'l Family Planning Reproductive Health Ass'n v. Gonzales,* 468 F.3d 826, 831 (D.C. Cir. 2006)). USCIS frames the "injury" as the rejected check, which led to the rejected petition, and it was the plaintiffs' financial institution, not USCIS, which rejected the check. Filing 9 at 10 (citing *Mendia v. Garcia,* 768 F.3d 1009, 1012 (9th Cir. 2014)). The plaintiffs, however, have sufficiently identified how the injury was caused by USCIS because the rejection was contrary to the relevant regulations. This argument about the supposed lack of injury is better framed as a motion to dismiss for a failure to state a claim, and is discussed below. *Cf. Gonzales*, 468 F.3d at 831.

The more difficult question, then, is whether the plaintiffs' injury can be resolved by this Court. *Cf. Singh v. U.S. Dep't of Homeland Security*, No. 22-cv-3035-LTS-MAR, 2023 WL 2229001, at *5 (N.D. Iowa Feb. 24, 2023). The H-1B visa for which the plaintiffs applied is subject to a statutory cap. USCIS asserts that it has reached the cap for the 2023 fiscal year, and no visa is available for the plaintiffs for the period for which their petition was filed. Filing 9 at 12. The plaintiffs, on the other hand, argue that USCIS has only alleged that it has "received a sufficient number of petitions needed to reach"

5

the cap, not that USCIS has actually issued that number of visas. Filing 11 at 7.

USCIS randomly selects a number of registrants to submit petitions, and the number of selected registrants exceeds the statutory cap. *See* 8 C.F.R. § 214.2(h)(8)(iii). So, not all registrants selected to file a petition will be issued a visa. USCIS determines how many registrants it will select based on "historical data related to approvals, denials, revocations, and other relevant factors." § 214.2(h)(8)(iii)(E). USCIS keeps unselected registrants on file in the event it does not reach the statutory cap from the petitions submitted by selected registrants. § 214.2(h)(8)(iii)(A)(7). It is unclear from the regulations provided to the Court what USCIS's process is for determining which petitions from selected registrants will ultimately obtain a visa. *See* § 214.2(h)(8)(iii)(D).

USCIS necessarily anticipates denying a certain number of petitions. One cause of rejection, at issue here, is if USCIS cannot process the filing fee. Deficiencies in the Form I-129 or other required documentation are other reasons to reject a petition. And fraud is yet another reason a petition may not secure a visa. *See generally* § 214.2(h)(10). But it's unclear to the Court what procedures USCIS uses to process petitions from selected registrants, what order petitions are processed in, or what happens if the number of valid petitions submitted by selected registrants exceeds the statutory cap.

Importantly, the remedy sought by the plaintiffs is not the issuance of a visa. Rather, the plaintiffs request that this Court undo the denial and compel USCIS to accept the rejected petitions for filing and adjudicate them. Filing 1 at 7-8. The plaintiffs are simply asking to be placed back in the pool of selected registrants who filed an H-1B petition for the 2023 fiscal year. Presumably, USCIS issued H-1B visas on October 1, 2022, at the start of the 2023 fiscal year. But USCIS has not demonstrated that it is without authority or ability

6

to issue a 2023 fiscal year visa to the plaintiffs. *Cf. Singh*, 2023 WL 2229001, at *5.

USCIS additionally argues that the plaintiffs' case is moot because the visa application would be denied anyway. But this is not a mootness problem. USCIS asserts that, even if it accepts the plaintiffs' petition for adjudication, it would reject it either because no visa is available or because the plaintiffs neglected to sign a form. Filing 9 at 13. USCIS asks this Court to uphold the agency's decision to reject the visa petition for reasons not articulated by the agency in the rejection notice. But this Court may not do so. *Calcutt v. FDIC*, 598 U.S. \_\_, No. 22-714, slip op. at 1 (May 22, 2023) (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

For these reasons, USCIS's motion to dismiss for lack of subject matter jurisdiction is denied.

## 2. FAILURE TO STATE A CLAIM

USCIS argues that the plaintiffs have failed to "show that USCIS is liable for its failure to file [the plaintiffs'] application with the regulatory required fee." Filing 9 at 14. But USCIS misstates the plaintiffs' claim. The plaintiffs argue that USCIS acted in contravention of federal law when it denied the visa petition without attempting to resubmit the plaintiffs' failed payment. *See* filing 1.

The plaintiffs' case rests on an interpretation of regulations governing how USCIS processes filing fee checks. USCIS asserts, without explanation, that the regulations do not require USCIS to reprocess a payment before rejecting it. The primary regulation at issue states, as relevant:

> Submitted with the correct fee(s). If a check or other financial instrument used to pay a fee is returned as unpayable because of

7

> insufficient funds, USCIS will resubmit the payment to the remitter institution one time. If the instrument used to pay a fee is returned as unpayable a second time, the filing may be rejected. Financial instruments returned as unpayable for a reason other than insufficient funds will not be redeposited.

8 C.F.R. § 103.2(a)(7)(ii)(D). Another regulation provides additional guidance on this issue:

> If remittance in payment of a fee or any other matter is not honored by the bank or financial institution on which it is drawn . . . The provisions of 8 C.F.R. 103.2(a)(7)(ii) apply, no receipt will be issued, and if a receipt was issued, it is void and the benefit request loses its receipt date.

8 C.F.R. § 106.1(c)(1). However, these regulations are at odds with the instructions for the Form I-129, which read, as relevant:

> If your check is returned as unpayable, USCIS will re-submit the payment to the financial institution one time. If the check is returned as unpayable a second time, we will reject your application and charge you a returned check fee.

And, the C.F.R. has contemplated how to determine which rules govern when form instructions contradict the regulations:

> Every form, benefit request, or other document must be submitted to DHS and executed in accordance with the form instructions

8

regardless of a provision of 8 CFR chapter 1 to the contrary. The form's instructions are hereby incorporated into the regulations requiring its submission.

8 C.F.R. § 103.2(a)(1).

USCIS has not proffered a theory or given any argument as to why it is not obliged to reprocess a check if USCIS must execute the Form I-129 "in accordance with the form instructions regardless of" the competing regulations. *Id*. The plaintiffs have alleged that USCIS acted outside the scope of its authority. Resolving all inferences of law and fact in favor of the plaintiff, *see Gallagher v. City of Clayton,* 699 F.3d 1013, 1016 (8th Cir. 2012), the Court finds that the plaintiffs have alleged a plausible basis to give rise to a claim under the Administrative Procedure Act. For these reasons,

IT IS ORDERED:

1. The defendant's motion to dismiss (filing 9) is denied.

2. This matter is referred to the Magistrate Judge for case progression.

Dated this 20th day of June, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

9